UNITED STATES of America et al.

v.

CITY OF HOPEWELL, Va. et al.

Civil A. No. 80–0662–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 4, 1980.

Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va., for plaintiffs.

John A. Gibney, Jr., Richmond, Va., James G. Harrison, Hopewell, Va., John R. Butcher, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

The United States, at the request of the Administrator of the United States Environmental Protection Agency, has filed an action against the City of Hopewell, Virginia, and two industrial concerns which empty waste into the Hopewell Sewage Treatment System. The Commonwealth of Virginia, "by authority of the Attorney General of Virginia, at the request of the State Water Control Board," has joined in this action as against its political subdivision, the City of Hopewell, Virginia.

By appropriate motion, the City of Hopewell has moved that the Commonwealth be dismissed as a party plaintiff. The briefing has been completed and the motion is ripe for decision.

### A.

The complaint alleges that it is a civil action brought under 33 U.S.C. §§ 1319(b), (d). 33 U.S.C. § 1319 is the governmental enforcement section of the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.* Section 1319(b) authorizes the Administrator of the United States Environmental Protection Agency to institute an action in a federal district court whenever, among other things, he believes there has been a violation of a condition or limitation contained in a National Pollutant Discharge Elimination System permit as set forth in 33 U.S.C. § 1319(a). Subsection (d), referred to in the complaint, merely sets a civil penalty not to exceed $10,000 per day of such violation. Thus, the specific sections cited in the complaint as the jurisdictional basis for this action provide no explicit nor any implicit authority for this court to accept jurisdiction of a suit by the Commonwealth of Virginia against one of its political subdivisions alleging the defendant political subdivision polluted certain waters of the Commonwealth through failure to comply with the provisions of its Discharge Elimination System permit.

### B.

In plaintiffs' joint reply brief, filed under the names of nearly a dozen lawyers, the Commonwealth quite correctly points out that 33 U.S.C. § 1319(e)[1] requires that the Commonwealth "be joined as a party," whenever a municipal subdivision is sued by the United States under any of the provisions of 33 U.S.C. § 1319. It is obvious from a reading of subsection (e) that Congress anticipated that the State would be made a party defendant since the subsection makes the State liable for any judgment or expenses a municipality is prevented by State law from being able to pay. Despite the congressional anticipation that a State would be a financial backstop to its municipalities, the Commonwealth says in this case that it "wishes" to take punitive action against its creature, the City of Hopewell.[2] Apparently, this wish is based upon a desire of the Commonwealth that it be perceived as choosing the right side of a water pollution controversy. At page five of its reply brief the Commonwealth says, "...the Commonwealth wishes to make clear its posture as seeking an affirmative enforcement of the law vis a vis Hopewell...."[3]

Whatever the Commonwealth's "real interest" (Plaintiff's Reply Brief, p. 5), her statutory legal interest is to provide funds

---

1. § 1319(e) *State liability for judgments and expenses.* Whenever a municipality is a party to a civil action brought by the United States under this section, the State in which such municipality is located shall be joined as a party. Such State shall be liable for payment of any judgment, or any expenses incurred as a result of complying with any judgment, entered against the municipality in such action to the extent that the laws of that State prevent the municipality from raising revenues needed to comply with such judgment.

2. The Commonwealth's whilom wish may be a substantial embarrassment to her when and if she is called upon to resist or contend against remedies sought by the United States which trigger liability against the Commonwealth, itself.

3. The brief does not distinguish between "affirmative enforcement of the law" and negative enforcement of the law.

to meet the judgment should such be necessary—clearly a defendant's posture in this lawsuit. The mere desire on the part of the Commonwealth to be identified with what it perceives to be the more politically popular or correct position cannot confer jurisdiction on this Court to entertain a suit by the Commonwealth against her own politi- cal construct, the City of Hopewell. 33 U.S.C. § 1319(b) simply provides no such jurisdiction. *Cf. Shell Oil Co. v. Train,* 585 F.2d 408 (9th Cir. 1978) (federal court without jurisdiction to hear challenge to State NPDES permit determination).

## C.

The Commonwealth argues that if it cannot maintain this action against the City of Hopewell merely because it wishes to, then it should be permitted to maintain its action as a "citizen." The brief does not specify whether the Commonwealth of Virginia considers itself a citizen of the Commonwealth of Virginia or a citizen of the United States of America. Patently, it is neither.[4] Nevertheless, the Commonwealth argues that 33 U.S.C. § 1362(5) defines a "person" as, among things, a "State." Further, the Commonwealth points out that 33 U.S.C. § 1365(g) defines a "citizen" as a "person." Therefore, argues the Commonwealth, the Commonwealth of Virginia is a citizen for purposes of the Clean Water Act and as such is authorized to file a citizen's suit under 33 U.S.C. § 1365(a) or it may intervene as a citizen under 33 U.S.C. § 1365(b)(1)(B).

While it is true that things equal to the same things are equal to each other, the provisions of 33 U.S.C. § 1365 preclude the mechanical application of this gometrical theorem. Congress clearly did not perceive of a State as a citizen for purposes of citizen's suits under § 1365. Subsection (a) envisions that the United States, States, State instrumentalities and agencies, and the Administrator, will be parties defendant in citizen's suits. Subsection (b)(1)(B) permits intervention by a citizen as a matter of right when the Administrator has filed an action in a court of the United States. No provision is made for intervention of right when a State has filed an action in a State court. In either event, intervention by the State, as a citizen, would make no sense as it has a clear right to bring its own suit in its own courts.

Further, and more tellingly, Subsection (h) of § 1365 specifically provides for the commencement of a civil action under Subsection (a) by the Governor of a State against the Administrator where there is an alleged failure of the Administrator to enforce certain effluent standards.[5] While Subsection (h) waives the limitations of Subsection (b) in such suits it would otherwise serve no useful purpose if a State were already a citizen for purposes of filing an action under Subsection (a). Subsection (a)(2) provides for suits against the Administrator where there is an alleged failure of the Administrator "to perform any act or duty under this Act. . . ." If a State or a governor of a State already had authority as a citizen to sue for such dereliction then all that would be needed under Subsection (h) would be a provision that whenever a State or a governor of a State shall file a citizen's suit an action under Subsection (a)(2) for interstate violations, the limitations of Subsection (b) do not apply. Instead, Subsection (h) conferred specific authority on the governor to bring suit under Subsection (a) under special limited circumstances. It must be presumed, then, that there is otherwise no authority for a gover-

---

**4.** As noted by Judge Hufstedler in a similar, but not identical context: "States are not simply private citizens, they are sovereigns." *Shell Oil Co. v. Train,* 585 F.2d 408, 413 (9th Cir. 1978).

**5.** § 1365(h) *Civil action by State Governors.* A governor of a State may commence a civil action under subsection (a), without regard to the limitations of subsection (b) of this section, against the Administrator where there is alleged a failure of the Administrator to enforce an effluent standard or limitation under this Act the violation of which is occurring in another State and is causing an adverse effect on the public health or welfare in his State, or is causing a violation of any water quality requirement in his State.

nor or a State to bring an action under Subsection (a) or to intervene under Subsection (b)(1)(B) under some concept that such entities are 'citizens.'

Finally, if Congress had envisioned that a State could bring a citizen's suit under 33 U.S.C. § 1365, it would seem likely that there would be some mention of this concept in the legislative history. If there is such, the Commonwealth has failed to bring it to the Court's attention.

The Court acknowledges that the First Circuit in *Commonwealth of Massachusetts v. United States Veteran's Admn.*, 541 F.2d 119, 121, n. 1 (1st Cir. 1976) indicated that it found the juxtaposition of 33 U.S.C. § 1362(5) with 33 U.S.C. § 1365(g) sufficient to permit a State to bring an action under 33 U.S.C. § 1365(a) as a 'citizen.' It is not clear that the matter was a subject of litigation in that suit and it does appear, that whether or not litigated, it was not a matter of moment. A suit against the United States Veteran's Administration by any plaintiff prosecuting any claim properly would have been laid in a federal court. 28 U.S.C. § 1346.

While it is clear from 33 U.S.C. § 1362(5) that a State is a person for purposes of the Act, the specific provisions of § 1365 preclude acceptance of the concept of a State filing an action under 33 U.S.C. § 1365 as a citizen or intervening as a citizen under that section.

### D.

The Commonwealth claims that even if it is not a citizen for purposes of citizen's suits under 33 U.S.C. § 1365, the Court should exercise its discretion under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) to grant the Commonwealth the privilege of asserting its State law claim against the City of Hopewell under the concept of pendent party plaintiff jurisdiction. While *Gibbs* and *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) permit a trial court in the exercise of its discretion to assume jurisdiction over a concurrent State law claim against an additional party,

such a claim asserted *by* an additional party has not received substantial judicial attention. The briefs of the parties argue the point with vigor but without substantial resort to precedent. In surveying this relatively unexplored terrain, the Court is mindful of the cautionary statement in *Moor v. County of Alameda*, 411 U.S. 693, 715, 93 S.Ct. 1785, 1798, 36 L.Ed.2d 596 (1973) that "the Court should not be quick to sweep state law claims against an entirely new party" within the ambit of federal jurisdiction.

The complaint does not allege in so many words that the Commonwealth intended in this action to assert pendent State law claims against the City of Hopewell. Indeed, the complaint does not even allege that State law claims exist to be asserted. In its brief, however, the Commonwealth sets forth certain State statutes and argues that it should be permitted to prove its claims against the City of Hopewell under those State statutes in this suit.

Assuming there are sufficient factual allegations in the complaint to constitute a violation of the State statutes, it may not be fatal to the complaint that the Commonwealth overlooked, neglected, or simply had not thought that it was asserting a pendent claim at the time the Amended Complaint was filed. *See Blue v. Craig*, 505 F.2d 830, 844 (4th Cir. 1974). Nevertheless, the application of such facts as are alleged to the federal statute, which is the anchor claim, may be vastly different from the application of the same facts to the State statute in the pendent claim. The State statute is of recent origin and this federal court is not guided by any extensive construction, application and interpretation of the State statute by the authoritative State courts.

It is true that if the Commonwealth civilly prosecutes the City of Hopewell in a separate proceeding in a State court, rather than merely being a tag-along plaintiff in the federal suit, then the Commonwealth may have to go to the trouble and expense of a duplicative prosecution. Similarly, defendant City of Hopewell would have to duplicate its defense. By its motion to dis-

miss the City of Hopewell has indicated it does not object to such duplicative effort. Since the option to sue or not to sue always rests with the plaintiff, the burden of duplicative civil prosecution is not forced upon her by the exercise of discretion in this Court to dismiss the Commonwealth's pendent claim. The Commonwealth may then undertake the expense in State court or forego prosecution as she wills. The effect of collateral estoppel from this Court's ultimate decision on the merits on any State court prosecution (or the converse) need not be explored by this Court.

The Court, then, can discern no overriding advantages in judicial economy, convenience, or fairness to the litigants in assuming jurisdiction over the Commonwealth's claim against the City of Hopewell. The Court concurs with the author of the Note, *Pendent Party Jurisdiction*, 62 Va.L.Rev. 194, 217:

> [T]he policies of *Gibbs* and the federal question statute do not clearly justify the exercise of pendent party jurisdiction when the pendent party is a plaintiff. Courts should thus be reluctant to exercise their discretion to accept such a pendent party claim.

### E.

 Finally, in its motion the City of Hopewell asks this Court to abstain from hearing the federal claim asserted by the Administrator so the matter can be litigated in State courts under State law. Citing *Colorado Water Conservation District v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), the City of Hopewell contends that the Commonwealth's elaborate scheme to cleanse its waters would be disrupted by federal review of a related federal claim.

While the Commonwealth's interest in her waters is manifestly great in view of her substantial shipbuilding, fisheries, tourist, and other water-dependent industries, yet the Administrator's interest is mandated by Congress and his action in bringing this cause is expressly supported by 33 U.S.C. § 1319(a)(3) and § 1319(b). Thus, it is clear that the quest for clean streams is no longer "uniquely within a [State's] purview." *See Vintage Imports, Inc. v. Seagram & Sons, Inc.*, 409 F.Supp. 497, 501 (E.D.Va.1976). Abstention would be improper.

Insofar as the motion to abstain was intended to apply only to the Commonwealth's action, the motion is DISMISSED since, as the Court has found, the Court lacks jurisdiction over the Commonwealth's action.