SIERRA CLUB, a California non-profit corporation, Plaintiff–Appellant,

v.

UNION OIL COMPANY OF CALIFORNIA, a California corporation, et al., Defendants–Appellees.

No. 85–2868.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 1988.

Decided July 25, 1988.

Stephen C. Volker, Sierra Club Legal Defense Fund, Inc., San Francisco, Cal., for plaintiff-appellant.

John F. Barg, San Francisco, Cal., for defendants-appellees.

Before GOODWIN, Chief Judge, and CHOY and PREGERSON, Circuit Judges.

In *Union Oil Co. v. Sierra Club,* — U.S. —, 108 S.Ct. 1102, 99 L.Ed.2d 264 (1988), the Supreme Court vacated our opinion in *Sierra Club v. Union Oil Co.,* 813 F.2d 1480 (9th Cir.1987), and remanded the matter for further consideration in light of *Gwaltney v. Chesapeake Bay Foundation,* — U.S. —, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987). On remand, the parties filed three motions: (1) Sierra Club moved to reinstate our judgment; (2) Union Oil moved to remand the entire matter to the district court; and (3) Sierra Club asked this court to take judicial notice of certain public documents. We grant Sierra Club's motion for reinstatement. We deny Union Oil's motion for remand and Sierra Club's request for judicial notice.

This case began when Sierra Club brought a citizen enforcement action under section 505(a) of the Clean Water Act, 33 U.S.C. § 1365(a), against Union Oil for violations of Union Oil's National Pollutant Discharge Elimination System (NPDES) permit. In the complaint, Sierra Club sought injunctive relief and the imposition of civil penalties. Sierra Club alleged seventy-six specific permit violations during the period 1979 to 1983. Later, Sierra Club sought to amend its complaint to allege additional violations before 1979 and after 1983.

The district court denied Sierra Club's request for leave to amend its complaint and denied both parties' motions for summary judgment. After a five-day trial on the issue of liability, the district court found Union Oil not liable for any of the seventy-six past violations, entered a judgment in favor of Union Oil, and dismissed the action with prejudice. Specifically,

[t]he court excused some of the reported exceedances of permit limitations by application of an upset defense (an excuse for permit violations when circumstances occur that are beyond the reasonable

control of the permittee), some on the ground that reports of exceedances were mistakes caused by sampling error, and some by application of a purported de minimus exception to the [Clean Water Act].

*Sierra Club,* 813 F.2d at 1482. Sierra Club appealed.

On appeal, we reversed the district court's finding of no liability and remanded the case for further proceedings. *Id.* at 1494. We determined that Union Oil was liable for seventy-four of the seventy-six past violations, and that the remaining two alleged permit violations required further findings of fact. *Id.* We found that (1) the upset defense was not available to Union Oil, *id.* at 1486–90; (2) the district court improperly allowed Union Oil to impeach its own reports of permit violations by showing sampling error, *id.* at 1491–92; and (3) the district court erred by invoking a "de minimus" exception to the Clean Water Act to excuse violations based on unusual human error, *id.* at 1490–91. We also reversed the district court's denial of Sierra Club's request for leave to amend its complaint, except as to violations about which Sierra Club knew or should have known when it filed the original complaint. *Id.* at 1492–93.

On December 1, 1987, the Supreme Court decided *Gwaltney v. Chesapeake Bay Foundation,* —— U.S. ——, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987). In *Gwaltney,* the Court described what citizen plaintiffs must do to establish federal jurisdiction in suits under section 505(a) of the Clean Water Act; how defendants may challenge jurisdiction in such suits; and what citizen plaintiffs must prove to prevail on the merits.

First, the Court stated that citizens, unlike the EPA, may seek the imposition of civil penalties for violations of the Clean Water Act only in suits brought to enjoin or otherwise abate ongoing violations. *Id.* 108 S.Ct. at 382. Thus, to invoke federal jurisdiction under section 505(a) of the Clean Water Act, a citizen plaintiff must allege "a state of either continuous or intermittent violation—that is, a reasonable likelihood that a past polluter will continue to pollute in the future." *Id.* 108 S.Ct. at 381.

To protect defendants against frivolous suits, the Court added that the citizen plaintiff's allegations must be made in "good faith." *Id.* 108 S.Ct. at 385. The citizen plaintiff, however, need not prove the allegations of ongoing noncompliance before jurisdiction attaches. *Id.* Rather, the allegations need only satisfy the good-faith pleading requirements set forth in Rule 11 of the Federal Rules of Civil Procedure. The citizen plaintiff's allegations must be based on good-faith beliefs, "formed after reasonable inquiry," that are "well grounded in fact." *Id.* (quoting F.R. C.P. 11).

Next, the Court established that it is the defendant's responsibility to challenge the truthfulness of the allegations of ongoing violations. If the defendant wishes to argue that the allegations are untrue, and that the citizen plaintiff lacks standing to bring the suit, the defendant must move for summary judgment and demonstrate that "the allegations were sham and raised no genuine issue of fact." *Id.* 108 S.Ct. at 386 (quoting *United States v. SCRAP,* 412 U.S. 669, 689, 93 S.Ct. 2405, 2417, 37 L.Ed.2d 254 (1973)). If the defendant fails to convince the court that there are no genuine issues of fact after the plaintiff offers evidence to support the allegations of ongoing noncompliance, the case goes to trial on the merits. *Id.*

Federal courts can also lose jurisdiction over citizen suits when the defendant can show that the case is moot. *Id.* The burden of proving that the case is moot is on the defendant. The defendant must show that "there is no reasonable expectation that the wrong will be repeated," *id.* (quoting *United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953) (citation omitted)), and must make it "absolutely clear that allegedly wrongful behavior could not reasonably be expected to recur," *id.* (quoting *United States v. Phosphate Export Assn., Inc.,* 393 U.S. 199, 203, 89 S.Ct. 361, 364, 21 L.Ed.2d 344 (1968) (emphasis added)).

Finally, the Court stated that citizen plaintiffs must eventually prove the existence of ongoing Clean Water Act violations or the reasonable likelihood of continuing future violations to prevail on the merits of a citizen enforcement action. *Id.* 108 S.Ct. at 386.

In light of *Gwaltney*, Union Oil and Sierra Club make the following arguments on remand. Union Oil urges this court to remand the entire matter to the district court to start over again. Union Oil argues that Sierra Club may not obtain relief until it proves the existence of ongoing NPDES permit violations. Because the district court failed to make findings concerning ongoing violations, Union Oil argues that we should not reinstate our judgment —which imposes liability on Union Oil for seventy-four permit violations—until Sierra Club can prove in district court the existence of ongoing violations.

Sierra Club urges this court to reinstate its judgment. First, Sierra Club argues that, despite the district court's failure to make specific findings, the Sierra Club offered sufficient proof of ongoing violations at trial to impose on Union Oil liability for past violations. Second, Sierra Club asks this court to take judicial notice of ongoing NPDES permit violations documented in public records, if we conclude that the trial record contains insufficient proof.

We chart a middle course between the alternatives suggested by the parties. We think it best to reinstate our judgment, which already remanded the case to the district court for further proceedings, but to amend our opinion to indicate that the district court may not assess penalties against Union Oil for past NPDES permit violations until Sierra Club proves the existence of ongoing permit violations or the reasonable likelihood of continuing future violations. We adopt this approach for the following reasons.

First, *Gwaltney* did not contradict or invalidate anything we said in *Sierra Club*. In fact, *Gwaltney* did not address the issues we discussed. *Gwaltney* explained when courts have jurisdiction over citizen suits under section 505(a) of the Clean Water Act, when such suits become moot, and what citizens must prove to prevail on the merits. *Sierra Club* discussed the upset defense, sampling errors, exceptions to the Clean Water Act's requirements, and when a citizen plaintiff may amend its complaint. Thus, as long as federal jurisdiction was properly assumed, and the case has not become moot, our opinion in *Sierra Club* is necessary to guide further district court proceedings.

Second, Union Oil concedes that Sierra Club satisfied *Gwaltney*'s threshold requirements for jurisdiction. Under *Gwaltney*, Sierra Club had to make good faith allegations of continuous or intermittent ongoing NPDES permit violations for jurisdiction to attach. We agree with the district court that Sierra Club's complaint alleged ongoing violations. In rejecting Union Oil's motion for summary judgment, the district court found that:

> [P]laintiff alleges not only past violations by defendants, but continuing violations as well. The complaint alleges an ongoing pattern of frequent and substantial non-compliance with the Act on the part of defendants. In fact, the complaint explicitly states that the "interests of the Sierra Club members have been, *are being*, and unless the relief prayed herein is granted, *will be*, adversely affected by the failure of defendants to comply with their permit." (Emphasis added.) The complaint also alleges "that, without the imposition of appropriate civil penalties and issuance of an injunction, defendants *will continue to violate* their NPDES permit to the further irreparable injury of plaintiff and the public." (Emphasis added.)

*Sierra Club v. Union Oil Co.*, 15 Envtl.L. Rep. (Envtl.L.Inst.) 20,890, 20,891 (N.D.Cal. Jan. 11, 1985) (quoting Sierra Club's complaint). Union Oil does not appear to challenge this finding on appeal. Nor does Union Oil argue that Sierra Club's allega-

tions violate Fed.R.Civ.P. 11 or lack any basis in fact. Accordingly, both the district court and this court properly assumed jurisdiction.

The problem Union Oil raises is that our opinion seems to impose liability on Union Oil for past permit violations prior to Sierra Club's proof at trial of the existence of ongoing violations. In *Sierra Club*, we stated that "[t]he district court's finding of no liability for the other seventy-four exceedances alleged in the original complaint is reversed and the case is remanded for determination of penalty." 813 F.2d at 1494. Union Oil asserts that *Gwaltney* precludes a finding of liability when there has been no proof of ongoing violations, and that our opinion therefore conflicts with *Gwaltney*.

Sierra Club seeks to solve this problem by arguing in the alternative that they did prove ongoing violations at trial or that we may now take judicial notice of ongoing violations.

We are not willing to address factual matters not considered by the district court. Union Oil correctly notes that the district court made no factual findings on the issue of ongoing violations or the reasonable likelihood of continuing future violations. Although Sierra Club did present evidence of ongoing violations in its motion for leave to file an amended complaint, and it appears that Sierra Club may be able to prove ongoing violations on remand to the district court, we think it best to leave factual matters in the first instance to the district court.

The fact that the district court has not yet addressed the issue of ongoing violations, however, does not convince us that we should remand this case to the district court without first reinstating our opinion, as Union Oil suggests. Our finding of liability for the seventy-four past violations may be conditioned on Sierra Club's ability to prove ongoing violations before the district court on remand. By reinstating our opinion and amending it to conform to the requirements of *Gwaltney*, we may both preserve the substantive discussions in *Sierra Club* that are not affected by *Gwaltney* and respond to Union Oil's concern that it not be held liable for past violations until Sierra Club can prove the existence of ongoing violations as required by *Gwaltney*.

On the matter of proving ongoing violations, we agree with the Fourth Circuit's recent decision on remand from *Gwaltney* that a citizen plaintiff may prove ongoing violations "either (1) by proving violations that continue on or after the date the complaint is filed, or (2) by adducing evidence from which a reasonable trier of fact could find a continuing likelihood of a recurrence in intermittent or sporadic violations." *Chesapeake Bay Foundation v. Gwaltney*, 844 F.2d 170, 171–72 (4th Cir.1988), *on remand from* 108 S.Ct. 376 (1987). We also agree with the Fourth Circuit's definition of what may constitute a continuing likelihood of violations. "Intermittent or sporadic violations do not cease to be ongoing until the date when there is *no real likelihood of repetition.*" *Id.* at 172 (emphasis added). Thus, the Fourth Circuit linked proof of ongoing violations to the Supreme Court's discussion of mootness in *Gwaltney*:

> Consistent with the guidance of the Supreme Court majority and concurring opinions, the district court may wish to consider whether remedial actions were taken to cure violations, the *ex ante* probability that such remedial measures would be effective, and any other evidence presented during the proceedings that bears on *whether the risk of defendant's continued violation had been completely eradicated* when citizen-plaintiffs filed suit.

*Id.* (emphasis added). We believe this is the correct approach to proving ongoing violations or the reasonable likelihood of continuing violations under *Gwaltney*.

CONCLUSION

For the reasons set forth above, Sierra Club's Motion for Reinstatement of Judgment is GRANTED; Union Oil's Motion for Remand to District Court is DENIED; and Sierra Club's Request for Judicial Notice is DENIED. *Sierra Club v. Union Oil Co.,* 813 F.2d 1480 (9th Cir.1987) is REINSTATED, with the following amendment. On page 1494, after "The district court's finding of no liability for the other seventy-four exceedances alleged in the original complaint is reversed and the case is remanded for determination of penalty," the following sentence should be added: "Union Oil's liability for past violations is subject to Sierra Club's ability to prove the existence of ongoing violations or the reasonable likelihood of continued violations in accordance with *Gwaltney v. Chesapeake Bay Foundation,* —— U.S. ——, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987) and the instant order of this court."

JUDGMENT REINSTATED AND AMENDED.