966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALLEN COUNTY CITIZENS FOR THE ENVIRONMENT, INC., Plaintiff-Appellant,
Noreen Christoff, Plaintiff,
v.
BP OIL COMPANY, Sohio Oil Company, and the Standard Oil
Company, Defendants-Appellees,
United States Environmental Protection Agency, and State of
Ohio Environmental Protection Agency, Defendants.
 No. 91-3698.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1992.
 
 Before MILBURN and RYAN, Circuit Judges, and ZATKOFF, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Summary judgment was granted in favor of defendants BP Oil Company and two affiliated companies, Sohio Oil Company and Standard Oil Company, in a citizen suit brought by plaintiffs, Allen County Citizens for the Environment, Inc. and Noreen Christoff, under the Federal Water Pollution Control Act, commonly known as the Clean Water Act, 33 U.S.C. § 1365(a). The district court determined that plaintiffs had failed to raise a genuine issue of material fact as to whether BP was engaged in "ongoing" violations of its permit and that plaintiffs therefore lacked standing to prosecute a citizen suit under the Clean Water Act. Plaintiffs appeal.
 
 
 2
 This lawsuit arises from alleged violations of various effluent discharge levels at BP's Lima, Ohio refinery. The discharge parameters for the Lima facility are established by National Pollutant Discharge Elimination System (NPDES) permit # 21G00001*FD. The NPDES permit allows BP, after treating its wastewater, to discharge thirteen contaminants at specified levels into the Ottawa River. Plaintiffs have alleged ongoing violations by BP of twelve of the regulated contaminants.
 
 
 3
 The Clean Water Act permits citizen suits to address violations of a NPDES permit. In pertinent part, the Act provides that "any citizen may commence a civil action on his own behalf--(1) against any person ... who is alleged to be in violation of (A) an effluent standard or limitation under this chapter...." 33 U.S.C. § 1365(a) (emphasis added). Wholly past violations of permit parameters are not actionable, for "[t]he most natural reading of 'to be in violation' is a requirement that citizen-plaintiffs allege a state of either continuous or intermittent violation--that is, a reasonable likelihood that a past polluter will continue to pollute in the future." Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 57 (1987).
 
 
 4
 On September 20, 1989, notice of suit was given by the citizen-plaintiffs pursuant to the provisions of 33 U.S.C. § 1365(b), requiring a sixty-day notice period prior to entering a complaint. The complaint was filed on December 12, 1989, and alleged violations of BP's NPDES permit on 43 occasions, dating back to January 9, 1986. All but eleven of the alleged violations, however, occurred before July 1986. In July 1986, BP was the subject of an administrative enforcement action involving its oil and grease discharges. Under the Clean Water Act, citizen suits are barred when government enforcement actions are undertaken. 33 U.S.C. § 1365(b)(1)(B). No exceedances of the NPDES permit were reported for over one year following the administrative enforcement action.
 
 
 5
 Following discovery, BP moved for summary judgment, arguing that plaintiffs could not present any evidence which would permit a reasonable trier of fact to conclude that there were ongoing violations of any effluent limitation at the time the complaint was filed and therefore lacked standing as citizen-plaintiffs.
 
 
 6
 A citizen-plaintiff may establish that a violation was ongoing either "1) by proving violations that continue on or after the date the complaint is filed, or 2) by adducing evidence from which a reasonable trier of fact could find a continuing likelihood of a recurrence in intermittent or sporadic violations." Chesapeake Bay Found., Inc. v. Gwaltney of Smithfield, Ltd., 844 F.2d 170, 171-72 (4th Cir.1988). See also Carr v. Alta Verde Indus. Inc., 931 F.2d 1055, 1062 (5th Cir.1991); Atlantic States Legal Found., Inc. v. Tyson Foods, Inc., 897 F.2d 1128, 1134-35 (11th Cir.1990); Sierra Club v. Union Oil Co., 853 F.2d 667, 671 (9th Cir.1988).
 
 
 7
 The district court granted BP's motion for summary judgment and dismissed plaintiffs' complaint for lack of standing. The district court determined that the plaintiffs had failed to raise a genuine issue of material fact as to whether BP's alleged violations of its NPDES permit were continuing at the time the complaint was filed or that there existed a continuing likelihood of their recurrence at that time. Plaintiffs moved for reconsideration. The district court denied the motion for reconsideration in a memorandum and order dated July 2, 1991.
 
 
 8
 Having reviewed the record and the district court's opinion and order granting defendants' motion for summary judgment carefully, this court finds no error in the district court's judgment. For the reasons set forth in Judge Potter's complete and well-reasoned opinion and order of February 22, 1991, we affirm the district court's summary judgment in favor of defendants.
 
 
 9
 We also find no abuse of discretion in the district court's memorandum and order denying plaintiffs' motion for reconsideration. For the reasons set forth in the memorandum and order of July 2, 1991, we affirm the district court's denial of plaintiffs' motion for reconsideration.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation