**UNITED STATES of America, et al., Plaintiffs,**

v.

**CITY OF TOLEDO, Defendant.**

**No. 3:91CV7646.**

United States District Court, N.D. Ohio, Western Division.

March 31, 1994.

See also, 867 F.Supp. 598.

Verne K. Armstrong, Office of the U.S. Atty., Toledo, OH, Steven D. Ellis, Lisa A. Cherup, Kurt F. Zimmerman, Dept. of Justice, Environmental Enforcement Section, Washington, DC, Constance Ann Snyder, Meister, Ayers & Meister, Toledo, OH, for the U.S.

Margaret A. Malone, Office of the Atty. Gen., Columbus, OH, Joan R. Kooistra, Susan E. Ashbrook, Office of the Asst. Atty. Gen., Environmental Enforcement Section, Columbus, OH, for the State of Ohio.

Charles R. McElwee, Van Carson, Squire, Sanders & Dempsey, Cleveland, OH, Keith A. Wilkowski, City of Toledo, Dept. of Law, Toledo, OH, for the City of Toledo.

## *MEMORANDUM AND ORDER*

JOHN W. POTTER, Senior District Judge:

This is an action under federal and state anti-pollution statutes in which the State of Ohio Environmental Protection Agency (State EPA) seeks to recover civil penalties for the defendant City of Toledo's alleged violations of its National Pollution Discharge Elimination Systems Permit (NPDES Permit). Pending are cross-motions for summary judgment. For the reasons that follow, the State EPA's cross-motion will be granted in part and denied in part, and the City's motion will be granted in part and denied in part.

When the United States Environmental Protection Agency instituted this suit, the State of Ohio was a defendant. On motion of the State EPA, the parties were realigned so that the State EPA became a plaintiff. At that point, the State EPA's cross-claim against the City became a complaint.

■ The State EPA asserts its claims against the City pursuant to 33 U.S.C. § 1365, which authorizes citizen suits. Section 1365(g) states that " 'citizen' means a person, or persons having an interest which is or may be adversely affected." The term "person" is defined in § 1362(5) to include states.

Despite the unambiguous clarity of these provisions, the City seeks summary judgment on the basis that the State is not a "citizen" (i.e., not a "person") capable of maintaining a citizen suit under the Clean Water Act. The City dismisses straightforward declarations that states are citizens for purposes of maintaining an action under the Act by the Supreme Court, *United States Dept. of Energy v. Ohio,* — U.S. —, —, 112 S.Ct. 1627, 1634, 118 L.Ed.2d 255 (1992); First Circuit, *Massachusetts v. United States Veterans' Admin.,* 541 F.2d 119, 121 n. 1 (1st Cir.1976); and Seventh Circuit in *Illinois v. Outboard Marine Corp.,* 619 F.2d 623, 631 (7th Cir.1980), because they are dicta. *See also Nat'l Wildlife Federation v. Ruckelshaus,* 99 F.R.D. 558, 560 (D.N.J.1983) ("it is well settled that a state is a citizen within the meaning of this section and thus authorized to bring suit"). *Contra, California v. Dep't of Navy,* 631 F.Supp. 584, 587 (N.D.Cal. 1986); *United States v. City of Hopewell,* 508 F.Supp. 526, 528 (E.D.Va.1980).

The legislative history of § 1365 raises questions about whether a state is a citizen and thus able to maintain a citizen's action against a polluter; however, the plain words of the statute are clear and unambiguous: "citizens" can bring such actions, and states are "citizens."

The State's present position is that it is maintaining this action under § 1365(b)(1)(B), which excuses it from not having given the prior notice to the alleged violator required by § 1365(b)(1)(A). In other words, the State views itself as an intervening party participating in a civil action "to require compliance" with the requirements of the Act and the City's NPDES Permit.

■ The Court agrees with the City that a citizen-intervenor under § 1365(b)(1)(B) can only seek remedies for ongoing violations of federal law and not civil penalties for past violations. *See Gwaltney of Smithfield Ltd. v. Chesapeake Bay Foundation, Inc.,* 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987); *Outboard Marine,* 619 F.2d at 631. Thus, to the extent that the State, like the United States, seeks abatement in the form of injunctive relief which is requested by both parties, the State can maintain its federal causes of action.

■ In order to survive summary judgment, the State must present evidence that demonstrates either (1) that violations continued on or after the date the complaint was filed, or (2) that a reasonable trier of fact could find a continuing likelihood of a recurrence in intermittent or sporadic violations. *Allen County Citizens for the Environment v. BP Oil Co.,* 762 F.Supp. 733, 739 (N.D.Ohio 1991), *aff'd,* No. 91–3698, 1992 WL 138410, 1992 U.S.App. LEXIS 14906 (6th Cir. June 18, 1992).

In view of the Court's determination that the State can assert federal law claims only to the extent that abatement is sought, the City is entitled to summary judgment with regard to the State's fourth claim (relating to lack of properly certified manager) and its fifth claim (alleging failures to report in October and December, 1988, and failures to report supplemental monitoring results from July 5, 1988 through December 26, 1989).

The State's other claims have alleged continuing violations which are supported by evidence that violations have occurred since the State intervened in 1991. (Doc. 148, Affidavit of Elizabeth Wick.) As to those claims, the City's motion for summary judgment shall be granted with regard only to the prayer for civil penalties under federal law; that motion shall, however, be overruled with regard to the State's demand for injunctive relief.

■ The City seeks dismissal of the state claims on the basis that this Court should decline to exercise its supplemental (i.e., pendent) jurisdiction. The City's request is not well taken.

■ A federal court has discretion to exercise its supplemental jurisdiction when at least one federal claim of substance and pendent state claims share a common nucleus of operative fact. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Kayser–Roth Corp. v. Textile Workers Union,* 479 F.2d 524, 526 (6th Cir.), *cert. denied,* 414 U.S. 976, 94 S.Ct. 292, 38 L.Ed.2d 219 (1973). Although the portion of the State's complaint that alleges federal claims has been cut down, it has not been eliminated. The pendent state claims are substantially congruent with the claims brought by the United States. Discovery has been extensive, and apparently has been unimpeded by the presence of the pendent state claims. Final resolution of all matters in dispute will more likely be accomplished if the State is allowed to continue with its pendent claims against the City. Therefore, the motion to dismiss the State's other federal and all the state claims, to the extent that the motion is based on the proposition that an intervenor can only seek relief vis-a-vis ongoing federal claims, will accordingly be denied.

Rulings on the State's summary judgment motions as to essentially equivalent claims in the complaint by the United States are being filed contemporaneously with this Memorandum & Order. Those rulings are incorporated in this Order so that the State EPA's motion will be: (1) granted as to the first (federal) and sixth (state) claims (effluent violations); (2) denied as to the second (federal) and seventh (state) claims (bypass violations); (3) granted as to the third (federal) and eighth (state) claims (monitoring and reporting violations); (4) granted as to the ninth (state) claim (uncertified plant management); (5) granted as to the tenth (state) claim (reporting violations).

The City's motion for summary judgment shall be granted except insofar as the State EPA's federal claims for relief are limited to abatement of continuing violations. The City's motion for summary judgment as to the second (federal) and seventh (state) claims, (the bypass claims) must be denied due to the existence of disputes of material fact and the movant's failure to show that it is entitled to judgment as a matter of law, the same grounds for denial of plaintiffs' motions on the same claims.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendant City's motion for summary judgment is denied as to all claims except its federal claims four and five; and it is

FURTHER ORDERED that plaintiff State of Ohio's motion for summary judgment is granted as to all claims except federal claims four and five relating to non-continuing violations, federal claim two, and state claim seven relating to bypass violations.