141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CITIZENS INTERESTED IN BULL RUN, INC., an Oregon non-profit
corporation; Frank Gearhart; Clare Donison,
Plaintiffs-Appellant,
v.
R.L.K. & COMPANY, an Oregon corporation; Dan Glickman, in
his official capacity as Secretary of the United
States Department of Agriculture,
Defendants-Appellees.
 No. 97-35306.
DC No. CV-96-01328-OMP.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1998.
Decided Mar. 4, 1998.
 
 Appeal from the United States District Court for the District of Oregon Owen M. Panner, District Judge, Presiding.
 Before SCHROEDER, FARRIS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants brought suit on September 17, 1996, seeking (1) a declaratory judgment that R.L.K. violated the Clean Water Act by operating under an invalid Forest Service permit and especially by discharging salt; (2) an injunction ordering R.L.K. to halt its salting pending Department of Environmental Quality certification; and (3) civil penalties of $5,000 for each day of salting since April 1992.
 
 
 3
 The Oregon DEQ certified the operation of the ski area on December 12, 1996, placing conditions on continued salting. R.L.K. has submitted an uncontested affidavit that it did not salt between August 26 and the December 12 certification. Because this is a citizen suit, the appellants must demonstrate that a violation was ongoing at the time of the complaint. Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 57, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987); Sierra Club v. Union Oil Co., 853 F.2d 667, 669 (9th Cir.1988). The appellants have no cause of action for a violation that ceased before the complaint was filed.
 
 
 4
 Appellants cite PUD No. 1 v. Washington Department of Ecology, 511 U.S. 700, 114 S.Ct. 1900, 128 L.Ed.2d 716 (1994), for the proposition that a permittee's overall operations are subject to the certification requirement even after the discharge has ceased. PUD 1 does not support the appellants' argument. The Court clearly stated that certification was authorized "once the threshold condition, the existence of a discharge, is satisfied." Id. at 712. PUD I does not support appellant's argument that an uncertified permittee is a violator regardless of any threat of discharge.
 
 
 5
 Appellant also argues that R.L.K. continued to "discharge" salt because runoff from snow continued after R.L.K. ceased its salting activities. The statute, however, requires that the permittee be conducting an "activity" that may result in discharge, 33 U.S.C. § 1341(a), and the runoff does not appear to be one. The issue is not properly before us, in any event, since it was not raised in the appellants' opening brief.
 
 
 6
 Appellants also contend that the district court erred in concluding there was no genuine issue as to the cessation of salting. They rely on Gearhart's affidavit stating that he saw broken bags of salt lying in the Salmon River on September 29, 1996, and pictures taken by a journalist one week later showing bags in the Little Zig Zag Stream. This evidence is not inconsistent with R.L.K.'s showing that it ceased salting on August 26, 1996. There is no genuine issue of material fact.
 
 
 7
 Appellants raise no other meritorious issues and we must affirm.
 
 
 8
 Appellee's motion to strike portions of the reply brief is denied as moot.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3