FILED

OCT 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM MICHAEL JONES, | No. 08-35922 |
| Plaintiff - Appellant, | D.C. No. 3:00-cv-01795-BR |
| v. | |
| ROBERT E. ROSE, Northwest Enforcement Leader, Corps of Engineers (COE); et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted October 12, 2012
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

William Jones brought suit in federal district court against the U.S. Army

Corps of Engineers, the Port of Portland, Portland General Electric Company, and

various officials under the Administrative Procedure Act, 5 U.S.C. § 500 et seq.,

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and the citizen suit provision of the Clean Water Act, 33 U.S.C. § 1251 et seq. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Jones first appeals the district court's denial of Clean Water Act relief premised on activities allegedly done by Portland General Electric Company sometime between 1989 and 1994. PGE sold the property soon after that and has not owned it or done anything on it for years. Citizen suits under the Clean Water Act can be brought only to redress ongoing violations, not violations that occurred, if at all, wholly in the past. *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 59, 64 (1987); *Sierra Club v. Union Oil Co. of Ca.*, 853 F.2d 667, 671 (9th Cir. 1988). On the present facts, Jones has not alleged an ongoing violation.

Jones also appeals the district court's decision that the Army Corps of Engineers was not arbitrary, capricious, or contrary to law in its determination that the Columbia River at West Hayden Island is non-tidal. We agree with the district court. The Corps considered the tidal effects but reasonably concluded that other factors rendered the rise and fall of the Columbia River no longer practically measured in a predictable rhythm. 33 C.F.R. § 328.3(f); *see Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1123–24 (9th Cir. 2012) (stating that a decision is "arbitrary and capricious only if the agency relied on factors Congress

did not intend it to consider, entirely failed to consider an important aspect of the problem, or offered an explanation that runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise" (citation omitted)).

Third, Jones appeals the district court's ruling upholding the Corps's 2006 determination of boundary change relating to the lateral limits of the Columbia River. Jones argues that the Corps did not undertake a notice-and-comment period directed at whether or not the determination of boundary change was appropriate. We affirm the district court because the Corps's determination is not rulemaking subject to the notice-and-comment requirements. *See* 5 U.S.C. § 553; *Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 591 (9th Cir. 2008).

Jones next appeals the district court order upholding the Corps's issuance of an after-the-fact permit. We affirm because the regulations allow the Corps to issue after-the-fact permits subject to certain exceptions that do not apply here. 33 C.F.R. § 326.3(e)(1)(iv). We reject Jones's arguments that an after-the-fact permit is not retroactive and that he has a claim for money damages. The issued permit lawfully authorized the fill retroactively. *Id.* § 326.3(e).

Finally, Jones appeals the district court's dismissal of his claim against the Port of Portland premised on the installation of tide gates and culvert extensions.

The district court correctly dismissed that claim because the tide gates and culvert extensions were removed before Jones's lawsuit was filed and any alleged conduct concerning these installations is therefore "wholly past." *Gwaltney*, 484 U.S. at 59, 64; *Sierra Club*, 853 F.2d at 671.

**AFFIRMED.**